FILED
2017 Sep-27  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TRACY K. BIGHAM,** ) | |
| ) | |
| **Plaintiff/** ) | |
| **Counterclaim Defendant,** ) | |
| ) | |
| vs. ) | |
| ) | **CIVIL ACTION NO.** |
| **UNITED OF OMAHA LIFE** ) | |
| **INSURANCE COMPANY, INC.,** ) | **7:17-CV-1331-RDP** |
| ) | |
| **Defendant/** ) | |
| **Counterclaim Plaintiff/** ) | |
| **Third Party Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **JOYCE BIGHAM,** ) | |
| ) | |
| **Third Party Defendant.** ) | |

## THIRD PARTY COMPLAINT IN INTERPLEADER

Defendant/Third Party Plaintiff United of Omaha Life Insurance Company ("United of Omaha") hereby files this Third Party Complaint in Interpleader against Joyce Bigham, pursuant to Federal Rule of Civil Procedure 22.[1] In support of this Interpleader, United of Omaha states as follows:

---

[1] United of Omaha also files contemporaneously herewith a Counterclaim in Interpleader against Tracy K. Bigham.

## THE PARTIES

1. United of Omaha is an out-of-state corporation existing under the laws of the State of Nebraska with its administrative offices located in Omaha, Nebraska. Thus, United of Omaha is a resident citizen of the State of Nebraska.

2. Third Party Defendant Joyce Bigham is a resident citizen of the State of Alabama.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. §§ 1332 and 1367 and is the appropriate venue for this action pursuant to 28 U.S.C. § 1397.

4. Diversity of citizenship exists pursuant to 28 U.S.C. § 1332. Joyce Bigham is a resident citizen of the State of Alabama and is completely diverse from United of Omaha. *See Ohio Nat. Life Assur. Corp. v. Langkau*, 353 Fed. Appx. 244, 249 (11th Cir. 2009) (concluding that because two Florida claimants were diverse from insurer and the amount in controversy exceeded $75,000, the district court had jurisdiction over the interpleader action under Rule 22 and 28 U.S.C. § 1332(a)(1)).

5. The requisite amount in controversy is satisfied. Joyce Bigham claims a potential interest in $100,000.00 in death benefits pursuant to a life insurance policy issued by United of Omaha (the "Death Benefits"). United of

Omaha files this Third Party Complaint in Interpleader because a dispute exists concerning the disbursement of the Death Benefits.

## FACTS

6. United of Omaha issued a life insurance policy to Johnny R. Bigham (the "Decedent"), Policy No. 4920389, effective April 1, 1990, for $100,000.00 (the "Policy"), providing life insurance coverage on Decedent's life. A true and correct copy of the Policy is attached hereto as **Exhibit 1**.

7. On or about January 26, 2016, United of Omaha received a request from Decedent to change the beneficiary of Policy 4920389 from Joyce Bigham to "Tracy K. Brown," Decedent's then fiancé. True and correct copies of the request and the beneficiary endorsement are attached hereto as **Exhibit 2.** On or about April 12, 2016, United of Omaha received a request from Decedent to change the beneficiary of Policy 4920389 from "Tracy K. Brown" to "Tracy K. Bigham." True and correct copies of the requests and the beneficiary endorsements are attached hereto as **Exhibit 3.**

8. The Decedent died on or about June 16, 2017. A true and correct copy of the Death Certificate is attached hereto as **Exhibit 4.**

9. As a result of the Decedent's death, the Death Benefits are due to be paid to the proper beneficiary.

10.     On or about June 22, 2017, United of Omaha received a letter from Glenn Carlyle Noe, Joyce Bigham's attorney, contesting the beneficiary change requests, claiming they were improper pursuant to a divorce decree between Decedent and Joyce Bigham, and requesting that the Death Benefits under the Policy be held in trust for Joyce Bigham. A true and correct copy of this correspondence is attached hereto as **Exhibit 5.**

11.     On or about June 29, 2017, United of Omaha received a Life Insurance Claim Statement for Beneficiaries from Tracy Bigham requesting payment of the Death Benefits under the Policy. A true and correct copy of this form is attached hereto as **Exhibit 6.**

12.     On or about July 5, 2017, United of Omaha received a letter from Tracy Bigham's counsel challenging Joyce Bigham's right to the Death Benefits. A true and correct copy of this correspondence is attached hereto as **Exhibit 7.**

13.     A dispute exists concerning the disbursement of the Death Benefits referenced herein.  In light of competing claims for the benefits, United of Omaha is unable at the present time to determine which individual may be entitled to the Death Benefits.  United of Omaha cannot pay the Death Benefits without taking upon itself the responsibility of determining disputed questions of fact and law and exposing itself to the potential of multiple liability.

## COUNT I:  INTERPLEADER

14. United of Omaha realleges and incorporates by reference each and every paragraph of this Third Party Complaint in Interpleader as if fully set forth herein.

15. Effective April 1, 1990, United of Omaha issued the Policy providing life insurance coverage on the Decedent's life.  On or about April 12, 2016, United of Omaha received a request from Decedent to change the beneficiary of the Policy to Tracy K. Bigham.  The Decedent died on or about June 16, 2017.

16. On or about June 22, 2017, United of Omaha received a letter from Joyce Bigham's attorney contesting the Decedent's change of beneficiary request.

17. On or about June 29, 2017, United of Omaha received a Life Insurance Claim Statement for Beneficiaries from Tracy Bigham requesting payment of the Death Benefits.

18. On or about July 5, 2017, United of Omaha received a letter from Tracy Bigham's counsel challenging Joyce Bigham's right to the Death Benefits.

19. Thus, a dispute exists between Tracy Bigham and Joyce Bigham concerning the disbursement of the Death Benefits pursuant to the Policy referenced herein.

20. United of Omaha is unable at the present time to determine whether Tracy Bigham or Joyce Bigham may be entitled to the Death Benefits or how to

divide the Death Benefits between them. Tracy Bigham's and Joyce Bigham's adverse claims to the Death Benefits have led United of Omaha, which claims no beneficial interest in the Death Benefits, to refrain from making payment to either party.

21. United of Omaha stands ready and willing to pay the Death Benefits to the person lawfully entitled to them. United of Omaha cannot reasonably pay the Death Benefits to either Tracy Bigham or Joyce Bigham without subjecting itself to the possibility of double or multiple litigation and/or liability.

22. United of Omaha is a disinterested stakeholder in the Death Benefits and claims no beneficial or other interest in them, except for its attorneys' fees and costs incurred in bringing this Third Party Complaint in Interpleader. This action has not been brought collusively with or at the insistence of any other party or for the purpose of giving advantage to any one of the other parties.

23. United of Omaha files this action of its own accord and for the sole purpose of bringing and paying into the Court the Death Benefits, interpleading Tracy Bigham and Joyce Bigham, and compelling them to litigate this matter between themselves without involving United of Omaha in their disputes or putting United of Omaha to further cost.

24. United of Omaha files this Third Party Complaint in Interpleader in good faith in order to avoid the vexation and expense of litigating or resisting

adverse claims, to fully discharge its liability under the Policy, and to permit Tracy Bigham and Joyce Bigham to establish and prove their claims, if any, with respect to the Death Benefits.

25. United of Omaha respectfully asks this Court to allow it to deposit the Death Benefits into the Clerk of Court and hereby tenders the Death Benefits to the Court.

## **RELIEF REQUESTED**

WHEREFORE, Defendant/Third Party Plaintiff United of Omaha respectfully asks the Court to order the following relief:

A. Allow United of Omaha to pay the $100,000.00 in Death Benefits to the Clerk of Court to be placed in an interest-bearing account, pending resolution of the conflicting claims of Tracy Bigham and Joyce Bigham;

B. Enter an Order enjoining and restraining Joyce Bigham from instituting or prosecuting any action or proceeding against United of Omaha pending the outcome of this action;

C. Require Tracy Bigham and Joyce Bigham to litigate and settle between and among themselves the rights to the Death Benefits due pursuant to the Policy;

D. Fully and finally discharge and release United of Omaha from any and all liability concerning the Death Benefits;

  E. Award United of Omaha its reasonable costs and attorneys' fees in filing this Interpleader;

  F. Discharge and dismiss United of Omaha from this litigation; and

  G. Order such other relief as the Court deems just and proper.

            Respectfully submitted,

             */s/ John S. Johnson*
            JOHN S. JOHNSON
            Bar ID ASB-7114-H67J

<u>OF COUNSEL</u>:
HAND ARENDALL LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone:  (205) 324-4400
E-mail: jjohnson@handarendall.com

            HENRY T. MORRISSETTE
            Bar ID ASB-7622-E54H

<u>OF COUNSEL</u>:
HAND ARENDALL LLC
Post Office Box 123
Mobile, Alabama 36601
Telephone:  (251) 432-5511
E-mail: hmorrissette@handarendall.com

            Attorneys for United of Omaha Life Insurance Company

**<u>THIRD PARTY DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AT:</u>**
Joyce Bigham
c/o John Jackson Bostick, Esq.
P.O. Box 1436
Winfield, AL 35594-1436

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel C. Lemley, Esq.
ANDRES & LEMLEY, LLC
2711 Sixth Street
Tuscaloosa, Alabama 35401
lemley@andresandlemley.com


                                                   */s/ John S. Johnson*