FILED
2018 Jan-17 PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TRACY K. BIGHAM, | } |
| Plaintiff, | } |
| v. | } Case No.: 7:17-CV-1331-RDP |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, INC., et al., | } |
| Defendant. | } |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff/Counterclaim Defendant Tracy K. Bigham's Objection to and Motion to Dismiss Third Party Complaint in Interpleader, filed on October 9, 2017. (Doc. #11). On October 19, 2017, Defendant/Counterclaim Plaintiff/Third Party Plaintiff United of Omaha Life Insurance Company ("United of Omaha") filed a reply in opposition to Tracy Bigham's Motion (Doc. #11). (Doc. #16). For the reasons explained below, this Motion (Doc. #11) is due to be denied.

**I. Background**

Tracy Bigham sued United of Omaha for the payment of death benefits pursuant to a life insurance policy issued on the life of Decedent Johnny R. Bigham ("Decedent") on August 8, 2017. (Docs. #1; 1-1). On September 27, 2017, United of Omaha filed its Answer, Counterclaim in Interpleader, and Third Party Complaint in Interpleader against Joyce Bigham, Decedent's first wife. (Docs. #6, 7). In her Motion to Dismiss Third Party Complaint in Interpleader, Tracy Bigham argues that United of Omaha "seeks to interplead a party who has no privity of contract through United of Omaha [] Insurance Policy #4920389 between

Plaintiff/Counterclaim Defendant, Tracy K. Bigham, the named beneficiary as designed by her spouse and Decedent, Johnny R. Bigham, and [United of Omaha]." (*Id.* at p. 2). After careful review, the court concludes Plaintiff's Motion is due to be denied.

**II. Analysis**

"'Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner.'" *Ohio Nat'l. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (quoting *In re Mandalay Shores Co-op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir.1994)). Therefore, "[i]nterpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." *Id.* (citing Fed. R. Civ. P. 22(a)(1)). In an interpleader action, the court first determines whether interpleader is proper, next decides whether to discharge the stakeholder from further liability to the claims, and ultimately rules on of the respective rights of the claimants to the interpleaded funds. *Id.*

Here, United of Omaha's Third Party Complaint in Interpleader alleges[1] that two different individuals, Tracy Bigham and Joyce Bigham, have claimed a right to the proceeds of Decedent's life insurance policy and, thus, a dispute exists concerning the disbursement of the death benefits of Decedent's life insurance policy. (Doc. #7). As a disinterested stakeholder in these death benefits, United of Omaha has asked the court to allow it to deposit the death benefits to the Clerk of Court so that it can discharge its liability under Decedent's policy. (*Id.*). The court finds that United of Omaha's Third Party Complaint in Interpleader sufficiently asserts that it may be subject to adverse claims from Tracy Bigham and Joyce Bigham and that these

---

[1] United of Omaha also has provided proof of these conflicting claims of Tracy Bigham and Joyce Bigham. (*See* Docs. #7-1; 7-2; 7-3; 7-4; 7-5; 7-6; 7-7).

potential claims could expose United of Omaha to multiple or inconsistent liability claims on the death benefits from Decedent's life insurance policy. *See Ohio Nat'l. Life Assur. Corp.*, 353 F. App'x at 248. Furthermore, the court holds that Joyce Bigham is a necessary party to this action and that United of Omaha properly joined Joyce Bigham in this action. *See id.* at 251. ("The Supreme Court has held that an interpleader action cannot proceed in the absence of a party who must be joined in accordance with the standard set forth in Rule 19 of the Federal Rules of Civil Procedure"). Accordingly, Plaintiff Tracy Bigham's Motion to Dismiss (Doc. #11) is due to be denied.

### III. Conclusion

For the reasons explained above, Plaintiff Tracy Bigham's Motion to Dismiss (Doc. #11) is due to be denied. An Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this January 17, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE